UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY JOSEPH JEFFERSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　　　Defendant. | Case No. 2:16-cv-01032-RBL<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

THIS MATTER is before the Court on Plaintiff Jefferson's Complaint [Dkt. 3] for review of the Social Security Commissioner's partially favorable decision regarding disability insurance and supplemental security income benefits.

Jefferson suffers from degenerative disc disease and gout. *See* Dkt. 10, Administrative Record 620. He applied for disability insurance and SSI benefits in May 2011, alleging he became disabled beginning in November 2006. *See* AR 617-18. Those applications were denied upon initial administrative review and on reconsideration. *See* AR 617. A hearing was held before Administrative Law Judge Tom L. Morris, and the ALJ issued an unfavorable decision in September 2012. *See id.* Jefferson appealed, and this Court remanded the case for further proceedings. *See id.* The ALJ held a second hearing in September 2015. *See id.* Jefferson, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 636-81.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

The ALJ issued a partially favorable decision, determining Jefferson to be disabled as of April 9, 2013, but not before that date. *See* AR 617-29. The Appeals Council denied Jefferson's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 587-90; 20 C.F.R. §§ 404.981, 416.1481. In July 2016, Jefferson filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Jefferson argues that the Commissioner's decision to deny benefits before April 9, 2013, should be reversed and remanded for an award of benefits or for further administrative proceedings because the ALJ erred: (1) in evaluating Jefferson's severe impairments at step two; (2) in evaluating whether Jefferson's impairments met a listing at step three; (3) in evaluating Jefferson's testimony; and (4) in assessing Jefferson's residual functional capacity and finding him capable of performing other work available in the national economy before April 9, 2013.

The Commissioner argues that the ALJ did not err in evaluating Jefferson's severe impairments, whether they met a listing, or Jefferson's testimony, so the ALJ's RFC and step-five finding that Jefferson could perform other work were supported by substantial evidence and should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and*

ORDER - 2

*Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

## I. Jefferson's Severe Impairments

At step two of the sequential evaluation process, "the medical severity" of a claimant's impairments is considered. 20 C.F.R. §§ 404.1520, 416.920. If the claimant has no "severe medically determinable" impairment, then he will be found not disabled. *Id.* An impairment is "not severe" if it does not "significantly limit [the claimant's] mental or physical abilities to do basic work activities." 20 C.F.R. §§ 404.1520(a)(4)(iii), (c), 416.920(a)(4)(iii), (c); *see also*

---

[2] As the Ninth Circuit has further explained:

> ... It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are ... they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

Social Security Ruling 96-3p, 1996 WL 374181 at *1. The claimant has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Once step two is resolved in a claimant's favor, harmful error only occurs if the ALJ fails to properly analyze evidence from any impairments that shows work-related limitations beyond those assessed in the RFC. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability determination"). Plaintiff has the burden of establishing that an error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

Here, regarding the contested period, the ALJ found that Jefferson had the severe impairment of degenerative disc disease at step two and continued with the sequential evaluation process. *See* AR 620. Still, Jefferson argues that the ALJ erred by failing to find a herniated disc and lumbar radiculopathy to be severe impairments and that the error is harmful because the ALJ failed to consider whether Jefferson was eligible for a closed period of disability from November 2006 through May 2008. *See* Dkt. 12, pp. 4-15. Jefferson alleges that the ALJ's exclusion of these impairments at step two affected the rest of the ALJ's analysis. *See id.* Any such impact is discussed below.

//

//

//

ORDER - 4

## II. Listing 1.04(A)

Jefferson asserts that the ALJ erred by failing to find that he met the requirements found in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(A), for the contested period. *See* Dkt. 10 at 13-15. The Court disagrees.

At step three of the sequential disability evaluation process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R §§ 404.1520(d), 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If any of the claimant's impairments meet or medically equal a listed impairment, he is deemed disabled. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). The burden of proof is on the claimant to establish that his impairments meet or equal a listing. *See Tackett*, 180 F.3d at 1098.

Listing 1.04(A) requires:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(A). The ALJ considered Jefferson's back impairments at step two and found that the medical record did not support that Jefferson met all of the requirements of listing 1.04(A), including motor loss. *See* AR 622. Jefferson argues that the evidence regarding all of his alleged back impairments establishes that he met listing 1.04(A) between November 2006 and May 2008. *See* Dkt. 10 at 13-15. Specifically, Jefferson notes that a physician found that he had motor loss in January 2007. *See id.* at 15 (citing AR 505). However, as the ALJ noted elsewhere in the decision, the bulk of the medical evidence showed that Jefferson had normal motor strength. *See* AR 624; *see also, e.g.*, AR 488, 499, 501, 503,

ORDER - 5

506-08. Therefore, Jefferson does not show that he met listing 1.04(A) or that the ALJ's evaluation of his severe impairments affected the step-three analysis.

### III. Jefferson's Testimony

Jefferson argues that the ALJ erred in evaluating his testimony as it applies to the contested period. *See* Dkt. 10 at 15-18. The Court disagrees.

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

Jefferson argues that the ALJ erred in finding that his testimony was not fully credible during the period between November 2006 and May 2008 because the ALJ's analysis focused on evidence outside of that period. *See* Dkt. 10 at 15-18. The ALJ found Jefferson's testimony not to be fully credible for several reasons, including that the record contained evidence that

ORDER - 6

Jefferson attempted to portray himself as more significantly limited than he actually was during the period at issue. *See* AR 624. Substantial evidence supports this reason for discounting Jefferson's testimony. *See* AR 348. Jefferson does not argue that this reason was in error. *See* Dkt. 10 at 15-18. Therefore, Jefferson does not show that the ALJ erred in discounting his testimony or that the ALJ's evaluation of his severe impairments affected the analysis of Jefferson's testimony.

### IV.     The RFC Assessment and Step-Five Finding

Jefferson argues that the RFC and resulting step-five finding, as far as they apply to the contested period, are not supported by substantial evidence. *See* Dkt. 10 at 4-12. The Court disagrees.

Jefferson argues that the RFC is unsupported by substantial evidence because the ALJ did not account for several medical diagnoses and findings by Eric S. Smith, M.D., and David E. Baker, M.D., including evidence of a herniated disc and lumbar radiculopathy. *See id*. However, none of the diagnoses and findings cited establish any specific functional limitations beyond those assessed in the RFC. *See id*. Jefferson notes that Smith opined that Jefferson was unable to return to work for a period prior to May 2008. *See id* at 9. However, whether Jefferson could return to past work during that period is not at issue. Smith's notes from the period list no specific functional limitations that show that Jefferson's RFC, from which the ALJ found that Jefferson could perform other work, was deficient. *See* AR 481-90. Jefferson's citation of favorable pieces of the medical record simply amounts to a request that the Court reweigh the evidence, which is not the Court's role. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Therefore, Jefferson has not established any harmful error from omitting allegedly severe

ORDER - 7

impairments at step two and has failed to show that the RFC and resulting step-five finding are unsupported by substantial evidence.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds that the ALJ properly concluded Jefferson was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 7th day of February, 2017.

Ronald B. Leighton
United States District Judge

ORDER - 8